## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

Lamar OCI North Corporation,

    Appellant/Plaintiff,

v.

City of Norton Shores,

    Appellee/Defendant.

Case No. 1:05-CV-185

Hon. David W. McKeague

**JOINT STATUS REPORT**

_____/

BODMAN LLP
By: James J. Walsh (P27454)
    J. Adam Behrendt (P58607)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
Telephone: (248) 743-6000
Attorneys for Appellant/Plaintiff

WILLIAMS, HUGHES, pllc
By: Douglas M. Hughes (P30958)
120 W. Apple Avenue
P.O. Box 599
Muskegon, MI 49443
Telephone: 231.727.2119
Attorney for Appellee/Defendant

Troy_368514_1

## **JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for the 27th day of April, 2005. Appearing for the parties as counsel will be:

| | |
|---|---|
| Bodman LLP | Williams, Hughes ,pllc |
| J. Adam Behrendt | Douglas M. Hughes |
| Attorney for Plaintiff/Appellant | Attorney for Appellee/Defendant |
| 201 W. Big Beaver Road, Ste. 500 | 120 W. Apple Avenue |
| Troy, MI 48084 | Muskegon, MI 49443-0599 |

1. <u>Jurisdiction</u>: The basis for the Court's jurisdiction is 28 U.S.C. § 1331.

2. <u>Jury or Non-Jury</u>: The civil case is to be tried before a jury. The claim of appeal should be heard by a State Court.

3. <u>Judicial Availability</u>: The parties do not agree to have a United Stated Magistrate Judge conduct any proceedings in the case.

4. <u>Geographic Transfer</u>: The parties do not believe a transfer for geographic convenience is warranted in this case.

5. <u>Statement of the Case</u>: Lamar OCI North Corporation filed a claim of appeal and civil complaint arising from the November 24, 2004, decision of the City of Norton Shores Zoning Board of Appeals denying Lamar's request for an interpretation of the City's zoning ordinance or, in the alternative, the grant of a variance to restore the sign face to Lamar's billboard located at 2780 Henry Street. Under its claim of appeal, Lamar seeks the reversal of the ZBA's decision and the issuance of a work permit to allow Lamar to complete its maintenance work. Under its complaint, Lamar seeks the entry of a judgment declaring Section 14.101(B) of the City's zoning ordinance unconstitutional, enjoining the City's further interference with Lamar's maintenance project to its signs in the City, allowing the restoration of

2

the subject billboard's face, and awarding Lamar money damages. Lamar also seeks an award of attorney fees under 42 U.S.C. § 1988. The City has filed an answer denying Lamar's claim or its entitlement to any relief.

Lamar initially filed a claim of appeal and complaint arising from the November 24, 2004, decision of the City of Norton Shores Zoning Board of Appeals denying Lamar's request for an interpretation of the City of Norton Shores Zoning Ordinance or, in the alternative, to grant a variance to restore the facing of Lamar's outdoor advertising structure located at 2780 Henry Street, in the City of Norton Shores. The parties believe Muskegon County Circuit Court should has sole jurisdiction over Lamar's claim of appeal pursuant to MCL § 125.585(11). However, Lamar has advanced a 42 USC § 1983 claim seeking a declaration from this Court that Section 14.101(13) of the Norton Shores Zoning Ordinance is unconstitutional, ordering the City of Norton Shores to allow Lamar to continue its alleged refurbishment project with respect to the subject billboard and an award of damages.

Because a federal claim was advanced, the City of Norton Shores removed the entire action to this Court. It is the City's contention that Lamar's federal claim should be stayed and Lamar's Claim of Appeal should be remanded to the Muskegon County Circuit Court for a decision on the appeal.

6. <u>Pendent State Claims</u>: This case does include pendent state claims: Lamar's claim of appeal.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and all motions to amend the pleadings by May 9, 2005.

8. <u>Disclosures and Exchanges</u>: The parties believe that Lamar's claim of appeal should be remanded back to the state court and that Lamar's civil complaint be administratively stayed pending the outcome of Lamar's appeal. Should the Court not agree, the parties have agreed to the following scheduling order for Lamar's civil complaint:

(i) Initial Disclosures by June 1, 2005.

(ii) Lamar expects to be able to furnish the names of its expert witnesses, if any, to the City by June 9, 2005. The City expects to be able to furnish the names of its expert witnesses, if any, to Lamar by July 8, 2005

Should the parties designate experts, all affirmative expert reports shall be due by September 1, 2005 and rebuttal reports by October 1, 2005

(iii) The parties have agreed to make available the following documents without the need of a formal request for production:

From Lamar to the City: no stipulation as the City is currently unaware of what document it will seek from Lamar.

From the City to Lamar: the hearing record before the ZBA by May 6, 2005

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by October 31, 2005. The parties recommend the following discovery plan: Initial disclosures, written discovery (including requests for admissions, interrogatories and requests for production of documents) and depositions. Lamar will focus a significant portion of its discovery in narrowing the 28 affirmative defenses that the City has pled in response to Lamar's complaint.

4

10. <u>Motions</u>: The parties anticipate that all dispositive motions will be filed by December 15, 2005 The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

11 <u>Alternative Dispute Resolution</u>: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: facilitative mediation.

12. <u>Length of Trial</u>: Counsel estimate the trial will last approximately 2-4 days, total, allocated as follows: 1-2 days for Lamar's case; 1-2 days for the City's case; and, 0 days for other parties.

13. <u>Prospects of Settlement</u>: The status of settlement negotiations is: There have been no settlement discussions.

14. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5 7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

15    Other: Should the Court not agree to remand Lamar's claim of appeal, the parties request that the Court enter a scheduling order allowing Lamar to file a brief in support of its claim of appeal by May 31, 2005, the City to file a response by June 30, 2005, and for Lamar to file a reply by July 15, 2005, in the manner required by MCR 7.101.

| | |
|---|---|
| BODMAN LLP | WILLIAMS, HUGHES, pllc |
| By /s/ | By Doug M. Hughes / JAB with permission on 4/21/05 |
| James J. Walsh (P27454) | Douglas M. Hughes (P-30958) |
| J. Adam Behrendt (P58607) | Attorney for Defendant/Appellee |
| Attorney for Plaintiff/Appellant | 120 W. Apple Avenue |
| 201 W. Big Beaver Road, Suite 500 | Muskegon, MI 49443 |
| Troy, MI 48084 | |
| Dated: April 21, 2005 | Dated: April 21, 2005 |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Douglas M. Hughes

s/J. Adam Behrendt